UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBBARD CONSTRUCTION COMPANY,

    Plaintiff,

    v.                                    CASE NO. 8:12-cv-1450-T-23MAP

TESTA CORP.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff has obtained a default judgment against Defendant in this breach of contract case (doc. 60). On February 24, 2014, I held a hearing to determine the amount of Plaintiff's damages. Upon review of the record, I recommend that the District Judge award Plaintiff damages in the amount of $205,607.80, and attorney's fees and costs in the amount of $66,117.22, for a total of $271,725.02.

    Once the clerk has entered a party's default, the court customarily takes evidence or considers facts from the record to determine damages, conduct an accounting, establish the truth of any allegation, or investigate any other matter. *See* Fed. R. Civ. P. 55(b); *Pope v. United States*, 323 U.S. 1, 12 (1944). The court has "an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

    This is a single-count breach of contract case (doc. 1). Plaintiff is the general contractor for a Florida Department of Transportation roadway construction project on US 19 in Pinellas County. Plaintiff entered into a sub-contract with Defendant for the demolition of two bridges on US 19 that cross Allen's Creek and State Road 60 (Plf. Ex. 18). After completing $50,000 worth of work, for which

it was paid in full (Plf. Ex. 1), Defendant abandoned the project and failed to perform (doc. 1).

Under Florida law, when a contractor fails to complete performance, the measure of damages is "the difference between the contract price and the reasonable cost to complete the improvements in accordance with the contract." *Am. Structural Sys., Inc. v. R.B. Gay Constr. Co.*, 619 So.2d 366, 367 (Fla. 1st DCA 1993). Plaintiff obtained a replacement subcontractor at a higher price to perform some of Defendant's work and self-performed other portions (*see* Plf. Exs. 1-12, 14-16, 19, 22). The original sub-contract, with agreed-to changes, was worth $812,843.84 (Plf. Ex. 18 at 13). The same work will now cost Plaintiff $1,018,451.64 (*see* Plf. Ex. 1-12, 14-16, 19, 22). The difference between these two amounts – $205,607.80 – is the amount of Plaintiff's damages.[1] Although the bridge demolition work included in Defendant's original scope of work under the sub-contract is not yet complete, Plaintiff has presented detailed evidence of its anticipated costs (Plf. Ex. 6, 14-17, 19).

The sub-contract also obligates Defendant to pay Plaintiff's attorney's fees in the event of Defendant's breach (Ex. 18 at 4). Plaintiff has paid $66,117.22 in attorney's fees and costs to its counsel for services related to Defendant's breach (Plf. Ex. 20; doc. 63-1).[2] I recommend that this amount be added to Plaintiff's damages. *See Burger King Corp. v. Mason*, 710 F.2d 1480, 1497 (11th Cir. 1983) ("Under Florida law, a contract which provides for the payment of attorney's fees is binding and must be enforced by the trial court."). Upon review of the attorney's invoices, I am satisfied that the amount

---

[1] This amount accounts for the $50,000 Plaintiff paid to Defendant (*see* Plf. Ex. 1) and credits Defendant with $114,592 Plaintiff received for scrap metal it salvaged from the demolition debris (Plf. Ex. 13, 17).

[2] Plaintiff's counsel attests to a total of $66,237.94 in fees and costs related to this case (doc. 63-1). Upon review of the supporting invoices, however, I find that $66,117.22 is the amount Plaintiff paid in fees and costs (Plf. Ex. 20; doc. 63-1, Ex. A).

of time and the hourly rates are reasonable and that all of the work invoiced was related to this case. *See Norman v Housing Authority of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1998) (stating that the court itself is an expert on the question of reasonable hourly rates and hours expended).

Therefore, upon consideration, it is RECOMMENDED:

(1)   that the Court enter judgment for Plaintiff and against Defendant in the amount of $205,607.80 (representing the difference between what Plaintiff will pay for the bridge demolition work and what it would have paid Defendant for the same work under the sub-contract ) plus $66,117.22 in attorney's fees and costs, for a total of $271,725.02.

IT IS SO RECOMMENDED in Tampa, Florida on March 6, 2014.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attaching the factual findings on appeal. 28 U.S.C. § 636(b)(1).